## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Erasmo Rosas Arrez and Jose Luis Trujillo | ) |
| | ) |
| Plaintiffs, | ) Case No. _____ |
| v. | ) |
| | ) PLAINTIFFS DEMAND TRIAL |
| Southmost Drywall, Inc. | ) BY JURY |
| | ) |
| | ) |
| Defendant. | ) |

### COMPLAINT

Plaintiffs, Erasmo Rosas Arrez ("Plaintiff" for Count I) and Jose Luis Trujillo ("Plaintiff" for Count 2), by attorneys, Justicia Laboral LLC and Dan Schlade, complain against Southmost Drywall. Inc. ("Defendant"). In support of this Complaint, Plaintiffs state:

### Introduction

1. This action seeks redress for Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), as well as any related state law claims, for Defendant's failure to pay overtime wages owed.

### Parties

2. Plaintiff Erasmo Rosas Arrez is a resident of Homestead, Florida, and was employed by Defendant Southmost Drywall, Inc.

3. Plaintiff Jose Luis Trujillo is a resident of Miami, Florida, and was employed by Defendant Southmost Drywall, Inc.

4. Defendant Southmost Drywall, Inc. is a corporation that conducts business in the state of Florida.

5. Defendant operates as an enterprise engaged in commerce or in the production of goods for commerce under 29 USC § 203(s)(1)(A)(i) and (ii) the business has annual gross volume of sales made or business done of at least $500,000; and because the business is engaged in interstate commerce or in the production of goods for interstate commerce.

## Jurisdiction And Venue

6. The Court possesses subject matter jurisdiction over the FLSA claim(s) pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1337; and supplemental jurisdiction over any related state law claim(s) pursuant to 28 U.S.C. § 1367.

7. Venue is proper in the Southern District of Florida because all underlying facts and transactions occurred in or about Miami, Florida.

## Facts Common To All Claims

8. Defendant Southmost Drywall, Inc. is an "employer" as that term is defined in Section 203 of the FLSA, because because it is a privately owned for-profit entity.

9. Omitted.

## COUNT 1 -  VIOLATION OF THE FLSA

(On Behalf of Plaintiff Erasmo Rosas Arrez against Defendant)

10. Plaintiff reincorporates by reference Paragraphs 1 through 9, as if set forth in full herein for Paragraph 10.

11. Plaintiff began working at Defendant Southmost Drywall, inc. in or before 2019 until August 7, 2022.

12. At all times, Plaintiff held the same position at Defendant; he was a general worker. Plaintiff was an "employee" of Defendant as that term is used in Section 203 of the FLSA because he was employed by Defendant to perform general labor, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

13. Although schedules are subject to change, Plaintiff's general schedule with Defendant required Plaintiff to work on average 84 hours per week.

14. Plaintiff was paid their wages on an hourly basis.

15. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of his performance.

16. Plaintiff's rate of pay was $17.00 per hour.

17. Throughout the course of Plaintiff's employment with Defendant regularly scheduled and directed Plaintiff to work in excess of forty (40) hours per week.

18. Defendant did not pay Plaintiff minimum wages and not less than one and a half (1.5) times the regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

19. On information and belief, Defendant have failed to keep proper time records tracking Plaintiffs' time worked; and Defendant's failure and refusal to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

20. Plaintiff is entitled to recover unpaid minimum wages and overtime wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $57,596.00 in unpaid overtime wages; (ii) liquidated damages of $57,596.00; and (iii) Plaintiff's attorney's fees and costs, to be determined. A calculation of Plaintiff's damages are attached as Exhibit A.

**WHEREFORE**, Plaintiff Erasmo Rosas Arrez respectfully requests that the Court enter judgment in his favor and against Defendant Southmost Drywall, Inc., for:

A. The amount of unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks, totaling at least $57,596.00.

B. An award liquidated damages in an amount equal to at least $57,596.00.

C. A declaration that Defendant violated the FLSA.

D. An award reasonable attorneys' fees and costs; and

E. Any such additional or alternative relief as this Court deems just and proper.

## COUNT 2 - VIOLATION OF THE FLSA

(On Behalf of Plaintiff Jose Luis Trujillo against all Defendant)

21. Plaintiff reincorporates by reference Paragraphs 1 through 9, as if set forth in full herein for Paragraph 21.

22. Plaintiff began working at Defendant Southmost Drywall. Inc. in or before January 2022 until July 20, 2022.

23. At all times, Plaintiff held the same position at Defendant Southmost Drywall, Inc., where he was a general worker.  Plaintiff was an "employee" of Defendant as that term is used in Section 203 of the FLSA because he were employed by Defendant to perform general work and remodeling and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

24. Although schedules are subject to change, Plaintiff's general schedule with Defendant required Plaintiff to work on average 86 hours per week.

25. Plaintiff was paid his wages on a(n) daily basis.

26. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of his performance.

27. Plaintiff's rate of pay was $19.00 per hour.

28. Throughout the course of Plaintiff's employment, Defendant regularly scheduled and directed Plaintiff to work in excess of forty (40) hours per week.

29. Defendant did not pay Plaintiff minimum wages and not less than one and a half (1.5) times the regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

30. On information and belief, Defendant have failed to keep proper time records tracking Plaintiff's time worked; Defendant's failure and refusal to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

31. Plaintiff is entitled to recover unpaid minimum wages and overtime wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $12,673.00 in unpaid overtime wages; (ii) liquidated damages of $12,673.00; and (iii) Plaintiff's attorney's fees and costs, to be determined. A calculation of Plaintiff's damages are attached as Exhibit B.

**WHEREFORE** Plaintiff Jose Luis Trujillo respectfully requests the Court enter judgment in his favor and against Defendant Southmost Drywall, Inc., for:

A. The amount of unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks, totaling at least $12,673.00.

B. An award liquidated damages in an amount equal to at least $12,673.00.

C. A declaration that Defendant violated the FLSA.

D. An award reasonable attorneys' fees and costs; and

E. Any such additional or alternative relief as this Court deems just and proper.

s/ Daniel Schlade
**Justicia Laboral LLC**
Daniel I. Schlade (Bar No.#1034991)
Attorney For Plaintiff
Justicia Laboral, LLC
6232 N. Pulaski, #300
Chicago, IL 60646
773-550-3775
Email: dschlade@justicialaboral.com

**PLAINTIFF DEMANDS TRIAL BY JURY**